IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHNNY OLIVER,

    Petitioner,                               2:02-cv-1147-GEB-DAD-P

    vs.

D. L. RUNNELS, Warden, et al.,

    Respondents.                  <u>ORDER</u>

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 11, 2007, judgment was entered in this court denying the petition. On February 23, 2007, petitioner filed a notice of appeal. Before petitioner can appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Federal Rule of Appellate Procedure 22(b) requires the district court judge who rendered a judgment denying such petition to "either issue a certificate of probable cause or state the reasons why such a certificate should not issue."

        The timely filing of a notice of appeal is a jurisdictional requirement. <u>Scott v. Younger</u>, 739 F.2d 1464, 1466 (9th Cir. 1984). Here, the time limit for filing a notice of appeal following entry of judgment is thirty days. <u>See</u> Fed. R. App. P. 4(a). Petitioner's notice of appeal in this action was filed more than thirty days after entry of judgment.

/////

1         The United States Court of Appeals for the Ninth Circuit has held that the
2 issuance of a certificate of probable cause cannot vest the court of appeals with jurisdiction if
3 jurisdiction is not proper in that court. Hayward v. Britt, 572 F.2d 1324, 1325 (9th Cir. 1978).
4 The rationale of Hayward applies with equal force to a certificate of appealability. For these
5 reasons, the court declines to issue a certificate of appealability.
6         IT IS SO ORDERED.
7 Dated: March 6, 2007

*(signature)*
GARLAND E. BURRELL, JR.
United States District Judge